GARDEN, JUDGE:
By real estate contract dated May 2,1975, the claimant agreed to purchase certain real estate from Theresa Irene Snodgrass and others (hereinafter referred to as vendors) for a consideration of $12,000.00. On October 14, 1975, employees of respondent through its Rehabilitation Environmental Action Program entered upon the property and tore down a building on the property. On October 17,1975, the vendors executed and delivered a deed conveying the *270 subject property to the claimant for the aforementioned consideration of $12,000.00. The real estate contract contained the following provision:
“RISK OF LOSS: That any risk of loss to the property shall be borne by the Seller(s) until title has been conveyed to the Purchaser(s) and" to deliver sdid property to said Purchaser(s) in as good condition as it is on the date of this agreement, ordinary wear and tear excepted.”
Respondent has filed an amended motion to dismiss contending by reason of the above paragraph that only the vendors have the right to file a claim for damages and not the claimant, Boone Sales, Inc. With this contention we do not agree. The “Risk of Loss” paragraph would have given the claimant the right to rescind the contract and recover its down payment, but claimant apparently elected to consúmate the contract. While the bare legal title remained in the vendors after the real estate contract was executed, the claimant did acquire the equitable title. When the deed was executed and delivered, the legal title and the cause of action for damages were transferred to claimant. This general rule of law is well expressed in 77 Am. Jur. 2d, Vendor and Purchaser, §362 as follows:
“It is a general rule that the vendee in an executory contract for the sale of land, who has thereunder possession or the immediate right to- posseteslon, may maintain am -action for damages against third-party trespassers or tortfeasors for injuries sustained after the making of the contract and affecting either his possessory rights or the freehold, and recover full damages, in the absence of evidence that the recovery would not afford complete compensation for the injuries, or that a further claim for damages for such injuries, or a part thereof, could be made by the vendor, at least where, if the latter was not a party, no valid objections were interposed either on the ground of his nonjoinder or the ground that the damages should be separated.”
In view of the foregoing, respondent’s amended motion to dismiss is overruled.
Motion to dismiss overruled.